UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| David Danielson, | ) | Civil Action No.: 6:17-cv-02849-AMQ |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| USAA Federal Savings Bank and Early Warning Services, LLC, | ) | |
| Defendants. | ) | |

Before this Court is Defendant USAA Federal Savings Bank's ("USAA FSB") Partial Motion to Dismiss Plaintiff's Complaint (ECF No. 10) and Defendant Early Warning Services, LLC's ("EWS") Motion to Dismiss Plaintiff's Complaint. (ECF No. 16.) USAA FSB moves to dismiss Plaintiff's causes of action for defamation per se, common law defamation, Fair Credit Reporting Act ("FCRA") accuracy violations and FCRA reinvestigation violations for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10.) EWS moves to dismiss Plaintiff's complaint in its entirety for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 16.) Responses and replies were filed and this Court held a hearing on the pending motions on May 11, 2018. After careful consideration of the parties' briefing, the record, and the arguments of counsel, the Court GRANTS IN PART AND DENIES IN PART USAA FSB's Partial Motion to Dismiss (ECF No. 10) and GRANTS IN PART AND DENIES IN PART EWS'S Motion to Dismiss (ECF No. 16) as more fully set forth below.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his complaint on or around October 20, 2017, against USAA FSB and EWS alleging that Defendants failed to protect him from identity theft. According to the complaint, on or around June 9, 2015, Plaintiff received a notice from USAA FSB that his account was overdrawn. However, Plaintiff states he never had an account with USAA FSB. (ECF No. 1 at ¶ 7.) Plaintiff states that he called USAA FSB to notify the bank of the mistake and subsequently received assurances that the identity theft matter would be remedied. (ECF No. 1 at ¶¶ 9-10.) On or around October 19, 2015, Plaintiff opened a checking account with Bank of America. However, Plaintiff learned that the account had been closed on October 20, 2015. (ECF No. 1 at ¶ 12.) Plaintiff states he was referred to EWS to address issues related to his closed account, at which time he learned that USAA FSB reported him for bank fraud. (ECF No. 1 at ¶¶ 12-14.) The complaint outlines, inter alia, Plaintiff's subsequent unsuccessful efforts to resolve the matter with USAA FSB, to open checking accounts and obtain credit to conduct financial business, and to rectify any alleged false reporting of fraud by EWS. (ECF No. 1 at ¶¶ 18-37.)

Plaintiff asserts causes of action for: (1) defamation per se; (2) common law defamation; (3) negligence/gross negligence; (4) violation of FCRA (Accuracy); (5) violation of FCRA (failure to reinvestigate); and (6) declaratory relief pursuant to S.C. Code Ann. § 15-53-10. On or around, December 12, 2017, USAA FSB filed a Partial Answer and Affirmative Defenses (ECF No. 9), as well as a Partial Motion to Dismiss (ECF No. 10.) On January 8, 2018, EWS filed its Motion to Dismiss for Failure to State a Claim. (ECF No. 16.)

## STANDARD OF REVIEW

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In considering a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

## **ANALYSIS**

The Court will address the causes of action below in connection with each Defendant's motion:

1. **Plaintiff's First and Second Causes of Action for Defamation Per Se and Common Law Defamation.**

USAA FSB moves to dismiss Plaintiff's First and Second Causes of Action on the grounds that Plaintiff failed to bring suit until after the applicable two-year statute of limitations on defamation claims. (ECF No. 10.) USAA FSB argues that Plaintiff bases his defamation action against USAA FSB on alleged reporting to EWS which necessarily took place prior to October 20, 2015, when Plaintiff discovered his inability to open a bank account. (ECF No. 10-1 at 6.) Accordingly, USAA FSB maintains that Plaintiff's lawsuit initiated on October 20, 2017,

3

renders the defamation claims untimely. Plaintiff argues that subsequent reporting from USAA FSB to EWS after October 20, 2015 could constitute a separate cause of action and that discovery is needed to unearth further detail. (ECF No. 20 at 4-5.)

EWS moves to dismiss the First and Second Causes of Action on the grounds that the causes are preempted by the FCRA and that Plaintiff's complaint fails to assert any facts to trigger a narrow preemption exception. (ECF No. 16-1 at 5.) The FCRA preempts defamation claims against furnishers of credit information "except as to false information furnished with malice or willful intent to injure." 15 U.S.C. § 1681h. EWS further argues that even if the state law defamation claims are not preempted, the allegations in those causes of action fail to state a plausible claim for relief. (ECF No. 16-1 at 6.)

Having considered the arguments and the applicable case law, the Court finds that Plaintiff's pleadings fail to adequately state a claim for defamation per se or common law defamation (1) sufficient to satisfy the pleading standards of *Iqbal* and *Twombly*; (2) that would not be subject to preemption; and (3) would not be barred by the applicable two-year statute of limitations.[1]

The Court, therefore, grants Defendant USAA FSB and Defendant EWS's motions to dismiss as to the First and Second Causes of Action without prejudice and with leave to amend. Plaintiff is granted leave to refile these causes of action in a manner that satisfies the applicable pleading standards and sets forth factual allegations concerning any continuing publication or

---

[1] At the hearing on these motions, Plaintiff acknowledged the applicability of the two-year statute of limitations. Under South Carolina law, defamation claims are subject to a two-year statute of limitation. S.C. Code Ann. § 15–3–550. The limitations period begins when the alleged defamatory statement is made, not when the plaintiff learns of the statement. *Harris v. Tietex Int'l Ltd.*, 417 S.C. 533, 542, 790 S.E.2d 411, 416 (Ct. App. 2016) (citing *Jones v. City of Folly Beach*, 326 S.C. 360, 369, 483 S.E.2d 770, 775 (Ct. App. 1997) (affirming the trial court's grant of summary judgment as to the plaintiff's defamation claim because South Carolina has not adopted the discovery rule in libel or slander cases)).

republication of reporting to third parties by USAA FSB and/or EWS subsequent to October 20, 2015, and/or allegations of malice or intent to injure sufficient to trigger the preemption exception. *See Taub v. McClatchy Newspapers, Inc.*, 504 F. Supp. 2d 74 (D.S.C. 2007) (noting that South Carolina, in light of *Moosally v. W.W. Norton & Co.*, 358 S.C. 320, 594 S.E. 2d 878 (Ct. App. 2004), adheres to the continuing publication rule).

### 2. Plaintiff's Third Cause of Action for Negligence/Gross Negligence.

Defendant USAA FSB did not move to dismiss Plaintiff's cause of action for negligence/gross negligence, and answered the complaint as it pertained to this cause of action. (ECF No. 9.) Defendant EWS moved to dismiss the Third Cause of Action against it, but did not directly challenge the sufficiency of the pleadings on this claim. (ECF No. 16-1 at 5.) Instead, EWS argues, inter alia, that third cause of action should be dismissed on preemption grounds. The Court finds that Plaintiff has sufficiently stated allegations to trigger the preemption exception for the reporting of false information furnished "with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h. Specifically, unlike the allegations concerning the first and second causes of action, Plaintiff alleges that "Defendants negligently, carelessly, recklessly, willfully and/or wantonly breached their duty to the Plaintiff" and further lists several particulars. (ECF No. 1 at ¶¶50, 53). Further, for pleadings, "malice, intent, knowledge, and other conditions may be averred generally." Fed. R. Civ. P. 9(b). Thus, the Court denies EWS's motion with regard to this cause of action.

### 3. Plaintiff's Fourth Cause of Action for Violation of the FCRA (Accuracy).

Plaintiff's Fourth and Fifth Causes of Action concern alleged violations of the FCRA. The FCRA imposes distinct duties on three types of entities: consumer reporting agencies ("CRA"), users of consumer credit reports, and furnishers of information to CRAs. *Muntean v.*

*Discover Fin. Servs.*, No. CA 6:13-1151-HMH, 2013 WL 2636003, at *2 (D.S.C. June 12, 2013).

USAA FSB moves to dismiss the Fourth Cause of Action as a matter of law on the grounds that Plaintiff cannot maintain a private cause of action under the FCRA against it for perceived inaccuracies in reporting. *See* 15 U.S.C. § 1681s-2(a), (c), (d). (ECF No. 10 at 2.) In response, Plaintiff concedes that the Fourth Cause of Action as to Defendant USAA FSB should be dismissed and states that he did not intend to make such a claim against USAA FSB in the complaint. (ECF No. 20 at 9.) Based on Plaintiff's concession and this Court's own review of the statute and applicable case law, the Fourth Cause of Action is dismissed as to Defendant USAA FSB with prejudice. *See Muntean v. Discover Fin. Servs.*, No. CA 6:13-1151-HMH, 2013 WL 2636003, at *2 (D.S.C. June 12, 2013) (reviewing case law and stating that duties under § 1681s–2(a) can only be enforced by government officials).

EWS also moves to dismiss the Fourth Cause of Action on the grounds that, among other things, Plaintiff failed to plead that EWS sold or provided an inaccurate report to any third party. (ECF No. 16. at 2.) EWS characterizes the "accuracy" claim as one apparently brought under 15 U.S.C. § 1681e(b), and maintains, inter alia, that Plaintiff failed to allege any facts to support a finding that EWS prepared a consumer report and provided it to a third-party as required to state a claim under § 1681e(b). (ECF No. 16-1 at 7.) From Plaintiff's response in opposition, it appears Plaintiff did intend to state a claim under § 1681e(b). But Plaintiff acknowledges that elements of such a claim were not specifically articulated in the complaint. (ECF No. 26 at 7-8.)

The Court agrees that Plaintiff's Complaint fails to clearly state which provision of the FCRA was purportedly violated with regard to the Fourth Cause of Action, and it also fails to allege facts that would plausibly show Defendant violated a provision of the FCRA. *See Iqbal*,

556 U.S. at 678; *Twombly*, 550 U.S. at 570. If Plaintiff is in fact proceeding under § 1681e(b), "[t]o make out a violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (internal citation and quotation omitted). Plaintiff has not alleged facts related to these essential elements in his Complaint. EWS's Motion to dismiss the Fourth Cause of Action is granted without prejudice and with leave to amend. Plaintiff is granted leave to amend his complaint to refile the cause of action in a manner which satisfies the above-referenced pleading standards.

    4. **Plaintiff's Fifth Cause of Action for Violation of the FCRA (Failure to Reinvestigate).**

Plaintiff's Complaint raises a Fifth Cause of Action for violation of the FCRA 15 U.S.C. § 1681s-2(b) and § 1681i for failure to reinvestigate. USAA FSB argues that this cause fails because: (1) Plaintiff does not allege that USAA FSB was notified of a dispute to investigate from a consumer reporting agency in conjunction with § 1681s-2(b) and, (2) USAA FSB is not a consumer reporting agency subject to § 1681i. (ECF No. 10-1 at 7.) Plaintiff maintains, among other things, that USAA FSB's notice from EWS is reasonably inferred from the references USAA FSB made to EWS. (ECF No. 20 at 9.)

As USAA FSB notes, under § 1681s-2(b)(1), "a furnisher's duty to investigate is not triggered until it receives notification of a dispute from a consumer reporting agency. *Mavilla v. Absolute Collection Serv., Inc.*, 539 F. App'x 202, 208 (4th Cir. 2013) (unpublished opinion). Here, Plaintiff has not alleged sufficient facts that USAA FSB received notice from a credit reporting agency that information it furnished was disputed, or that USAA FSB, a bank, is a consumer reporting agency subject to the directives of 15 U.S.C. § 1681i. *Id.*; *Clifton v. Nationstar Mortg., LLC*, No. CIV.A. 3:12-02074-MB, 2013 WL 789958, at *5 (D.S.C. Mar. 4,

7

2013). Accordingly, USAA FSB's Motion to Dismiss the Fifth Cause of Action is also granted without prejudice and with leave to amend. Plaintiff is granted leave to amend his complaint to refile the cause of action in a manner which satisfies the above-referenced pleading standards.

EWS also maintains that Plaintiff has failed to state claim for relief under both sections because EWS is not a furnisher so as to fall within the ambit of § 1681s-2 and because Plaintiff failed to allege that he actually lodged a dispute with EWS so as to trigger the reinvestigation procedures of § 1681i. (ECF No. 16-1 at 9.) At the hearing on this matter, Plaintiff acknowledged that EWS is not a furnisher pursuant to 15 U.S.C. § 1681s-2(b). Therefore, EWS's Motion to Dismiss the Fifth Cause of Action insofar as it relates to 15 U.S.C. § 1681s-2(b) is granted with prejudice. To the extent Plaintiff seeks to assert a cause of action under §1681i against EWS by alleging that it is a credit reporting agency that failed to comply with that statute, such a claim has not been sufficiently plead in accordance with *Iqbal* and *Twombly*. For this reason, EWS's motion to dismiss is granted without prejudice and with leave to amend if Plaintiff intends to pursue this claim.

5. **Plaintiff's Sixth Cause of Action for Declaratory Relief.**

Defendant USAA FSB did not move to dismiss the Sixth Cause of Action, and instead answered the complaint as to this cause of action. (ECF No. 9.) EWS moves to dismiss on the grounds that the Sixth Cause of Action for declaratory relief fails to state a claim against EWS in that the requests for declaratory relief are directed toward USAA FSB. (ECF No. 16-1 at 12.)

The Court has considered these arguments but declines to dismiss Plaintiff's Sixth Cause of Action. EWS does not challenge the sufficiency of the allegations themselves, focusing instead on the fact that Plaintiff does not mention EWS by name in the judicial declarations it seeks. But in the complaint, Plaintiff indicates that "Defendants have refused to correct the

inaccurate and defamatory information about Plaintiff" and seeks a "judicial decree and finding which is binding on all parties." (ECF No. 1 at ¶¶66, 68.) Under these circumstances, the court finds that dismissal of the Sixth Cause of Action against either party is not warranted.

## **CONCLUSION**

For the reasons set forth herein the Court GRANTS IN PART AND DENIES IN PART USAA FSB's Partial Motion to Dismiss (ECF No. 10) and GRANTS IN PART AND DENIES IN PART EWS's Motion to Dismiss (ECF No. 16). The Court grants Plaintiff leave to re-plead claims through an amended complaint that is consistent with this Order.

If Plaintiff elects to file an amended complaint, he shall do so by June 15, 2018. If filed, the amended complaint shall set forth the counts against each Defendant separately as necessary, repeating the relevant factual allegations within each count in a manner which links the factual allegations to the elements of each claim and shall allege the factual and legal foundation for any claim.

**IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.
The Honorable A. Marvin Quattlebaum, Jr.
United States District Judge

June 1, 2018
Greenville, South Carolina