IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Danielson, | C/A No. 6:17-cv-02849-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| USAA Federal Savings Bank and Early Warning Services, LLC, | |
| Defendants. | |

This matter comes before the Court on Defendant Early Warning Services, LLC's ("EWS") Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 52. Plaintiff filed a Response, and Defendant EWS filed a Reply. ECF Nos. 54, 55. Therefore, the Motion is ripe for review.

## I. Procedural and Factual History

Plaintiff filed a Complaint against Defendants USAA Federal Savings Bank ("USAA") and EWS, alleging that Defendants failed to protect him from identity theft. Both Defendants filed Motions to Dismiss, ECF Nos. 10, 16, and the Court granted the Motions in part and denied the Motions in part. ECF No. 39. However, the Court granted Plaintiff leave to amend his Complaint. *Id.* at 9.

Plaintiff filed an Amended Complaint, which outlines in detail the factual history of this case. Accepting the Plaintiff's allegations as true, which the Court must at this stage of the proceedings, Defendant USAA permitted someone to open financial accounts using Plaintiff's identity without Plaintiff's authority, knowledge, or consent. ECF No. 47 at 3. As a result of these accounts, Defendant USAA lost substantial sums of money and

1

blamed Plaintiff for the losses. *Id.* When Plaintiff discovered the fraudulent accounts, he contacted Defendant USAA, who assured him not to worry about the situation and that the accounts would be marked as "identity theft." *Id.* Despite its assurances to Plaintiff that he need not worry about the identity theft, Defendant USAA reported Plaintiff's alleged bank fraud to Defendant EWS. *Id.* at 4. Defendant EWS, in turn, reported this information to various financial institutions, which essentially prohibited Plaintiff from opening a bank account anywhere. Plaintiff contacted the Defendants numerous times about the situation; however, the situation is still not resolved. *Id.* at 9.

Plaintiff's Amended Complaint contains nine causes of action: (1) Defamation *Per Se* as to Defendant USAA; (2) Defamation as to Defendant USAA; (3) Negligence/Gross Negligence as to Defendant USAA; (4) violation of the Fair Credit Reporting Act ("FCRA") by Defendant USAA; (5) Defamation *Per Se* as to Defendant EWS; (6) Defamation as to Defendant EWS; (7) Negligence/Gross Negligence as to Defendant EWS; (8) violation of the FCRA by Defendant EWS; and (9) declaratory relief to vindicate Plaintiff's claims of identity theft. In response, Defendant EWS again filed a Motion to Dismiss Plaintiff's Defamation, Defamation *Per Se*; Negligence/Gross Negligence, and FCRA claims. ECF No. 52. Although Defendant EWS captions the Motion as a Motion to Dismiss, the Court notes that it previously construed Plaintiff's Ninth Cause of Action for Declaratory Relief to seek relief as to Defendant EWS. ECF No. 39 at 8–9. Accordingly, even if Defendant EWS were to prevail, it would remain a party to this action. As discussed below, however, the Court rejects Defendant EWS's arguments as to each cause of action and denies its Motion to Dismiss.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

III. Analysis

    A. **Fifth and Sixth Causes of Action – Defamation *Per Se* and Defamation**

Defendant EWS first contends that Plaintiff's Defamation and Defamation *Per Se* causes of action should be dismissed for three reasons. First, Defendant EWS contends that Plaintiff's Amended Complaint fails to satisfy the requisite pleading standards of *Twombly* and *Iqbal*. Second, Defendant EWS contends that Plaintiff's Defamation and Defamation *Per Se* causes of action are subject to preemption under the FCRA. Finally, Defendant EWS claims Plaintiff's Defamation and Defamation *Per Se* causes of action are barred by the applicable two-year statute of limitations.

Defendant EWS's first two arguments are intertwined in its Motion to Dismiss; therefore, the Court will address them jointly. Essentially, Defendant EWS contends that Plaintiff fails to plausibly allege that Defendant EWS furnished information "with malice or willful intent to injure [Plaintiff]." *See* 15 U.S.C. § 1681h(e) (prohibiting consumers from bringing "any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer"). Plaintiff's Amended Complaint added the following factual allegation:

> Upon information and belief, Defendant EWS continued to report that Plaintiff had engaged in fraudulent activity, after Defendant USAA FBS contends it sent notice to Defendant EWS rescinding its previous reporting. If true, Defendant EWS's continued publication of false information about the Plaintiff is malicious and/or with an intent to injure the Plaintiff.

ECF No. 47 at 9.  As the Court noted in its prior Order, for pleadings, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  While this allegation is made "upon information and belief," District Courts within this Circuit have found such allegations to be appropriate when information about the veracity of allegation is within the sole control of the Defendant.  *See Adobe Sys. Inc. v. Gardiner*, 300 F. Supp. 3d 718, 728 n.5 (D. Md. 2018).  Such is the case here, as the information about Defendant EWS's continued publication is within its sole control and may only come to light during discovery.  Accordingly, the Court finds, at this stage of the proceedings, Plaintiff has plausibly alleged a cause of action for Defamation and Defamation *Per Se* that is sufficient to fall within the FCRA's preemption exception.

As to Defendant EWS's statute of limitations argument, the Court previously held that Plaintiff did not set forth any factual allegations concerning continuing publication or republication by Defendant EWS subsequent to October 20, 2015.  ECF No. 39 at 4–5.  Taken as a whole, Plaintiff's Amended Complaint plausibly alleges that Defendant EWS continues to maliciously report inaccurate information about Plaintiff, which still prevents Plaintiff from opening any bank accounts.  Accordingly, the Court denies Defendant EWS's Motion to Dismiss Plaintiff's causes of action for Defamation and Defamation *Per Se*.

### B. Seventh Cause of Action – Negligence/Gross Negligence

Defendant EWS also seeks dismissal of Plaintiff's Seventh Cause of Action for Negligence/Gross Negligence, contending Plaintiff fails to allege "facts to support malicious intent" and includes only conclusory allegations that are plead upon information and belief.  The Court previously rejected the same argument in its prior Order, holding:

5

> Defendant EWS moved to dismiss the Third Cause of Action against it, but did not directly challenge the sufficiency of the pleadings on this claim. Instead, EWS argues, inter alia, that [the] third cause of action should be dismissed on preemption grounds. The Court finds that Plaintiff has sufficiently stated allegations to trigger the preemption exception for the reporting of false information furnished "with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h. Specifically, unlike the allegations concerning the first and second causes of action, Plaintiff alleges that "Defendants negligently, carelessly, recklessly, willfully and/or wantonly breached their duty to the Plaintiff" and further lists several particulars. Further, for pleadings, "malice, intent, knowledge, and other conditions may be averred generally." Fed. R. Civ. P. 9(b). Thus, the Court denies EWS's motion with regard to this cause of action.

ECF No. 39 at 5 (internal citations omitted). Thus, Defendant EWS's Motion simply seeks to rehash an argument already rejected by this Court. For the reasons set forth in the Court's prior Order, Defendant EWS's Motion is denied as to Plaintiff's Seventh Cause of Action.

### C. Eighth Cause of Action – Violation of FCRA

Finally, Defendant EWS seeks dismissal of Plaintiff's cause of action for violation of the FCRA. To that end, Defendant EWS contends that Plaintiff fails to plead any facts suggesting that EWS is a consumer reporting agency under 15 U.S.C. § 1681i and fails to plead any facts that he filed a dispute with Defendant EWS. The FCRA defines a "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports[1] to third parties, and which uses any

---

[1] "Consumer report" is defined as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for – **(A)** credit

6

means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(e).  Plaintiff's Amended Complaint alleges in detail the role that Defendant EWS played in reporting information to banks about Plaintiff's creditworthiness.  These allegations are sufficient to support a finding that Defendant EWS is a "consumer reporting agency."  *See, e.g., Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1334–35 (S.D. Fla. 2011) (containing an acknowledgement by Defendant EWS that it is a "consumer reporting agency").

Turning to Defendant EWS's second contention, Defendant EWS alleges that Plaintiff did not "directly" notify it of his dispute.  *See* 15 U.S.C. § 1681i(a)(1)(A) (requiring a reinvestigation when a consumer disputes the completeness or accuracy of information in his file and "notifies the [consumer reporting] agency directly").  In light of the totality of Plaintiff's allegations, the Court finds that Plaintiff has alleged a plausible cause of action for reinvestigation under the FCRA.  In his Amended Complaint, Plaintiff alleges that he spoke directly with Defendant EWS after finding out that Defendant EWS was reporting inaccurate information to various banks.  Plaintiff further expressly alleges that he notified Defendant EWS of the alleged inaccuracy.  Additionally, Plaintiff alleges that he requested a free report from Defendant EWS numerous times, with Defendant EWS failing to respond to his request on every occasion.  These allegations are sufficient to plausibly state a cause of action for reinvestigation under the FCRA. Accordingly, the Court denies Defendant EWS's Motion to Dismiss Plaintiff's FCRA cause of action.

---

or insurance to be used primarily for personal, family, or household purposes; **(B)** employment purposes; or **(C)** any other purpose authorized under section 1681b of this title."  15 U.S.C. § 1681a(d).

## IV. Conclusion

For the foregoing reasons, Defendant EWS's Motion to Dismiss, ECF No. 52, is **DENIED** as set out in this Order. The parties are directed to submit a proposed amended scheduling order within 10 days. The proposed amended scheduling order shall contain a date for mediation within the next 60 days.

IT IS SO ORDERED.

                                                s/ Donald C. Coggins, Jr.
                                                United States District Judge

February 26, 2019
Spartanburg, South Carolina